## Case No. 15,506.

UNITED STATES v. KANSAS PAC. RY. CO. et al.

[4 Cent. Law J. 174; [1] 23 Int. Rev. Rec. 90.]

District Court, D. Kansas. Feb. Term, 1877.

CLAIMS AGAINST UNITED STATES—FRAUDS.

The word "person," as used in the provision of the Revised Statutes of the United States prescribing penalties for the presentation of fraudulent claims against the government, does not include corporations.

On demurrer to plaintiff's petition.

Matt. H. Carpenter, S. W. Johnson, and J. L. Pendery, for plaintiff.

J. P. Usher, C. E. Bretherton, and C. Monroe, for the railroad company.

FOSTER, District Judge. This suit is brought on the relation of John S. Pendery, to recover from the Kansas Pacific Railway Co. and others a large sum of money—$2,-287,280—as a statutory penalty or forfeiture for presenting to the treasury department of the United States for payment, and receiving payment thereon, a lot of claims and vouches for transporting troops, munitions of war. and military supplies over the railroad of the defendant company. from the year 1868 to 1875, which claims and vouchers the plaintiff alleges were false, fraudulent. and excessive.

The law under which this suit is brought being a penal statute, it should not be enlarged by implication, but should be strictly construed. [Tiffany v. Bank of Missouri] 18 Wall. [85 U. S.] 409; U. S. v. Clayton [Case No. 14,814]. Under the common law of England, corporations could be indicted for misfeasance and nonfeasance. and the same principle has been recognized by many of the state courts in this country. It ·being settled, however, that there are no common-law offences cognizable by the United States courts, but only such as are declared so by act of congress, it may be questioned whether the federal courts would follow the English rule on this subject. But that question is not important in this case.

[1] [Reprinted from 4 Cent. Law J. 174, by permission.]

The only point here is, whether or not corporations are included in the word persons, and as such liable to the penalty prescribed in section 3490 of the Revised Statutes, under which this suit is brought. The tendency of modern decisions is to hold corporations liable as to duties and responsibilities, the same as individuals. 2 Dill. Mun. Corp. § 746. But after a careful reading of the law under which this suit is brought, and the act of 1863, from which it is taken, I cannot bring my mind to believe that congress intended to include corporations within the provisions of the act. The whole tenor of the law seems to preclude its applicability to corporations. Section 1 of the act of 1863 (12 Stat. 696) provides, if any person in the land or naval forces of the United States shall do any of the acts therein specified, being the same as prohibited by section 5438 of the Revised Statutes, he may be arrested and held to trial by court-martial, and, if found guilty, shall be punished by fine and imprisonment, etc. Section 3 of said act provides that any person not in the military or naval forces of the United States, * * * who shall do or commit any of the acts prohibited by any of the foregoing provisions of this act, shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs, etc., * * * and every such person shall, in addition thereto, on conviction in any court of competent jurisdiction, be punished by imprisonment not less than one, nor more than five years, or by fine, etc. Now, section 1 of this act is re-enacted in substance in section 5438 of the Revised Statutes, omitting its restriction to persons in the land or naval forces, and making it applicable to every person, whether in the land or naval forces or not, thus doing away with the distinction between such persons as are in the United States service and those that are not, and providing a common punishment for both classes. And section 3 of said act, which provides for a penalty and forfeiture by civil proceedings, is re-enacted in section 3490 of the Revised Statutes, omitting the punishment clause, which is provided for in section 5438.

If possible, in construing statutes, the legislative intent must be ascertained from the words of the act itself; and as the last act does not seem to indicate an intention to enlarge the scope of the act of 1863, but merely to arrange its provisions under different sections and titles, we may well look to the original act for light on this subject. Did section 3 contemplate bringing corporations within its provisions? It would seem not. It provides that every person, not in the military or naval forces, who shall commit the act, in addition to the penalty and forfeiture, may be imprisoned, etc. Section 5438, Revised Statutes, has the same provisions.

These statutes evidently refer to such a class as are capable of being employed in the land or naval forces, or in the militia. It is further provided, in section 5 of the first act, that, in a suit to recover this forfeiture and damages, such person may be arrested and held to bail. The same provision is contained in section 3492 of the Revision. These various provisions of the law indicate to my mind that, in using the word person in the act of 1863, and in the Revised Statutes, it was the intention to restrict it to individuals, and not to make it applicable to corporations.

The demurrer to the petition will, therefore, be sustained.